1  ALYSSON SNOW (Bar No. 225185)
   DANIEL BENSON (Bar No. 185686)
2  **LEGAL AID SOCIETY OF SAN DIEGO, INC.**
   110 South Euclid Avenue
3  San Diego, California 92114
   Tel.: 619-471-2655
4  Fax: 619-263-5697
   alyssons@lassd.org
5  danielb@lassd.org

6

7  *Attorneys for Plaintiff*
   Francisco Aguilar, Jr.

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10  FRANCISCO AGUILAR, JR.,              Civil Action No.___

11                         Plaintiff,    **COMPLAINT FOR:** '11CV2306 JLS  NLS

12  vs.                                  • **VIOLATIONS OF FEDERAL FAIR**
                                           **DEBT COLLECTION PRACTICES**
13                                         **ACT;**

14  SWIFT FUNDS, LLC, a California limited  • **VIOLATIONS OF CALIFORNIA**
    liability corporation; GOLD'S GYM SAN    **ROSENTHAL FAIR DEBT**
15  DIEGO, a California business; and, DOES   **COLLECTION PRACTICES ACT;**
    1 to 10, Inclusive,
16                                         • **VIOLATIONS OF CALIFORNIA**
                                             **CONSUMERS LEGAL REMEDIES**
17                         Defendants.       **ACT;**

18                                         • **VIOLATIONS OF CALIFORNIA**
                                             **CIVIL CODE §§1812.80, et seq.; and,**
19                                         • **VIOLATIONS OF CALIFORNIA**
                                             **BUSINESS AND PROFESSIONS**
20                                           **CODE §§17200, et seq.**

21                                         **Jury Trial Demanded**

22

23

24

25

26

27

28

                                   -1-

                                                              COMPLAINT

1    Plaintiff FRANCISCO AGUILAR, JR. ("Mr. Aguilar" or "Plaintiff") complains against

2    SWIFT FUNDS, LLC ("Defendant Debt Collector"); GOLD'S GYM SAN DIEGO ("Defendant

3    Gold's Gym"); and DOES 1 through 10, (all defendants collectively, "Defendants") as follows:

4                                        **INTRODUCTION**

5          1.      This is a case of extreme debt collection harassment and abuse of Mr. Aguilar, a

6    mentally disabled nineteen year old, suffering from severe depression and anxiety.  The

7    Defendants' abusive debt collection practices and harassment of Mr. Aguilar (including lies about

8    "pending" lawsuits, threats of litigation, and direct communications with Mr. Aguilar after

9    notification he was represented by legal counsel) have caused Mr. Aguilar extreme anxiety,

10   emotional distress, depression, and caused him to attempt to take his own life.

11                                  **JURISDICTION AND VENUE**

12         2.      This Court has original jurisdiction pursuant to Title 15 of the United States Code

13   sections 1692, *et seq.*, the federal Fair Debt Collections Practices Act, and Title 28 of the United

14   States Code section 1331.  Further, this Court has supplemental jurisdiction pursuant to Title 28

15   of the United States Code section 1367.

16         3.      Venue is proper in the United States District Court, Southern District of California

17   because at least one of the defendants resides in this District and a substantial part of the acts,

18   events, and/or omissions giving rise to the claims occurred within this District.

19                                    **JURY TRIAL DEMAND**

20         4.      Mr. Aguilar hereby demands a jury trial.

21                                        **THE PARTIES**

22         5.      Mr. Aguilar is a mentally and developmentally disabled individual and is and was,

23   at all times mentioned in this Complaint, a resident of San Diego County, California.  He lives

24   with his mother and with his older brother who is also mentally disabled.

25         6.      Mr. Aguilar is informed and believes that Defendant Debt Collector is and at all

26   times mentioned in this Complaint was a California limited liability corporation doing business in

27   California.  On information and belief, Defendant Debt Collector's principal place of business is

28   located at 1610 E. Sahara Avenue, Las Vegas, Nevada 89104.

                                              -2-

7.    At all relevant times, Mr. Aguilar is informed and believes and, based thereon, alleges that Defendant Debt Collector is, and all times in this Complaint, a debt collection agency.

8.    At all relevant times, Mr. Aguilar is informed and believes and, based thereon, alleges that Defendant Debt Collector is, and all times in this Complaint was, a debt collection agency who, in the ordinary course of business, regularly, on behalf of itself or others, engages in the business of collecting debts.

9.    At all relevant times, Mr. Aguilar is informed and believes and, based thereon, alleges that Defendant Gold's Gym is a California business.  Defendant Gold's Gym is a health studio services facility, located at 3156 Sports Arena Blvd., San Diego, California 92110.

10.    The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Mr. Aguilar who therefore sues said Defendants by such fictitious names.  Mr. Aguilar will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained. Mr. Aguilar is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible in some manner for the events and happenings alleged in this Complaint, and proximately caused Mr. Aguilar's damages.

## FACTUAL ALLEGATIONS

11.    On or around October 10, 2010, Mr. Aguilar signed a Membership Agreement with Defendant Gold's Gym ("Agreement").  The Agreement constitutes a health studio services contract as defined under California Civil Code section 1812.81.

12.    On information and belief, on the face of the Agreement, Defendant Gold's Gym failed to include the proscribed language regarding the right to cancel in close proximity to the space reserved for the buyer to sign.

13.    The first page of the Agreement failed to contain the name and address of the health studio operator to whom the notice of cancellation is to be mailed.

14.    Mr. Aguilar has cancelled the Agreement, pursuant to California Civil Code section 1812.85(b)(4).

/////

1        15.    On information and belief, sometime before January 5, 2011, Defendant Gold's

2    Gym assigned its alleged interest in the Agreement to Defendant Debt Collector.

3        16.    On or around January 5, 2011, Rick Stone, an agent and employee of Defendant

4    Debt Collector, left a voicemail on Mr. Aguilar's cellular telephone stating:

5

6            Uh yes, good afternoon Francisco, Francisco actually this is a most,
     most important call. Uh, my name is Rick Stone, I'm executive

7            power of attorney, I represent Gold's Gym.  I've been asked to
     intervene and begin actually typing up and prepping the formal

8            litigation package in reference to a case filed, that's now pending in
     the state and district of California.  I did want to speak with you

9            before these formalities are finalized, Francisco.  Could you give
     me a call, my direct line is 831-250-6375?  It is now pertinent when

10           calling back, Francisco, please reference an id case number 442345-
     9 and then the letters CA, that's for the California and state district

11           and venue there.  Thank you.

12

13       17.    Defendant Debt Collector, through their agent, falsely asserted there was a legal

14   action "pending" against Mr. Aguilar.  There was never a pending lawsuit against Mr. Aguilar by

15   either Defendant Debt Collector or Defendant Gold's Gym.

16       18.    After receiving this voicemail, Mr. Aguilar believed Defendant Debt Collector that

17   there was a lawsuit pending against him for an alleged debt owed to Defendant Gold's Gym.   Mr.

18   Aguilar returned the debt collector's phone call and personally spoke with Rick Stone who falsely

19   informed Mr. Aguilar that there was a lawsuit pending against him in the State of California.

20   During that conversation, Mr. Aguilar told Defendant Debt Collector's agent, Rick Stone, that he

21   is mentally disabled and suffers from depression, anxiety, and goes to therapy.

22       19.    Further, during this initial communication, Defendant Debt Collector did not

23   inform Mr. Aguilar of:  (1) its correct name; (2) the process for disputing the validity of the debt;

24   (3) the right to request verification of the debt; and, (4) the right to request the name and address

25   of the original creditor.  Defendant Debt Collector did not send a written notification of this

26   information within 5 days of the initial communication.

27       20.    Mr. Aguilar was by himself when he spoke with Defendant Debt Collector.  The

28   phone call frightened him—he was scared because of the "pending" lawsuit.

21.     Mr. Aguilar called his mother, who was out shopping, to tell her about the lawsuit. She was upset with him because he knew he was not allowed to sign contracts on his own behalf. She told him that he needed to call his friend, Austin Bridges, who co-signed on the Membership Agreement with him.

22.     Mr. Aguilar called Mr. Bridges, who is also mentally disabled.  Mr. Bridges and Mr. Aguilar got into a fight on the telephone regarding the Gold's Gym account.

23.     Frightened and feeling like he had disappointed his mom, Mr. Aguilar decided that the only way to fix the situation was to end his own life.  He walked over to the table where his medication was and unscrewed the bottle, poured the pills in his hand and planned on taking all of them.  At that moment, Mr. Aguilar received a call from a friend at church.  He told his friend what he was planning on doing and why, and his friend was able to talk him out of killing himself.

24.     On or around January 10, 2011, Rick Stone left another voice mail, in an attempt to collect on a purported debt stemming from the Agreement. His voice mail stated:

> Uh, yea, hey Francisco, this is Rick Stone executive power of attorney for Gold's uh Gym.  We spoke the other day, I need to speak with you, can you call me at my office as soon as you get the message?  Telephone number's 831-250-6375.  Reference and i.d. are case number with my firm which is 442345-9.  Thanks.

25.     On or around January 11, 2011, Rick Stone left yet another voicemail on Mr. Aguilar's cellular telephone.

26.     On or around January 19, 2011, Mr. Aguilar received another voicemail from Debt Collector.  Once again, the voicemail was left by Rick Stone stating:

> Yea, hey Francisco, this is Rick Stone calling, uh, regarding your case I just now finalized actually for Gold's Gym.  Uh, I be- been trying to get a hold of you, you haven't called me back since we spoke back on the 5th.  So I've decided to sign off and go ahead and uh, recommend to the client via email they proceed accordingly on this.  So um, I need to find out if indeed you uh do have an attorney representing you in this matter only, I need to document now for uh all parties concerned and for the record I asked you that question, uh, today being January 19, 2011.  My telephone number is 831-

-5-

250-6375 uh your case number is 442345-9 and then the letters CA
for the California state and district.

27.     On or around January 20, 2011, Mr. Aguilar's attorney contacted Defendant Debt
Collector's agent, Rick Stone, and informed Mr. Stone that Mr. Aguilar was represented by legal
counsel relating to the alleged debt and provided the attorney's contact information.

28.     Further, Mr. Aguilar sent a letter, through his legal counsel to Gold's Gym
canceling the Agreement on or around February 25, 2011.

29.     On or around March 2011, Defendant Gold's Gym represented that it would cease
collection efforts on the alleged account and would "pull" the account from Defendant Debt
Collector.  However, on information and belief, Gold's Gym failed to "pull" the account from
Defendant Debt Collector until May 2011.

30.     On or around April 1, 2011, Defendant Debt Collector sent another letter directly
to Mr. Aguilar seeking to collect $1,289.60 from Mr. Aguilar related to the Gold's Gym account.
The letter directly to Mr. Aguilar, despite the fact that Defendant Debt Collector had been
previously informed that Mr. Aguilar was represented by counsel and told not to communicate
directly with Mr. Aguilar.  A copy of the letter from Defendant Debt Collector to Mr. Aguilar,
dated April 1, 2011, is attached hereto as Exhibit A and incorporated herein by reference.

31.     On or around April 14, 2011, Defendant Debt Collector was again informed that
Mr. Aguilar was represented by legal counsel and was provided his attorney's contact
information.

32.     Subsequent to this letter and notice of attorney representation, Defendants have
continued to repeatedly call Mr. Aguilar's home telephone number.   On or around May 2011,
Defendant Debt Collector communicated information related to the alleged debt to Mr. Aguilar's
mother.

33.     These persistent calls have caused Mr. Aguilar great anxiety and depression.  He is
scared to answer his own phone and lives in fear that the debt collectors may try to harm him.  He
has put on additional weight as a result of the anxiety, depression, stress, and fear.

/////

-6-

34.     Mr. Aguilar has suffered damages, including monetary damages and extreme emotional distress, as a direct and proximate result of Defendants' abusive and deceptive actions.

## FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act 15 U.S.C. §§1692 *et seq.* Against Defendant Debt Collector

35.     Mr. Aguilar repeats and re-alleges and incorporates by reference paragraphs 1 through 34 above of the Complaint as if stated fully herein.

36.     Defendant Debt Collector violated the Federal Fair Debt Collection Practices Act, ("FDCPA").  Defendant Debt Collector' violations include, but are not limited to:

- Violating 15 United States Code section 1692c(b) by disclosing information related to the purported debt to third parties;
- Violating 15 United States Code section 1692d by using harassment, oppressive, and abusive debt collection practices to attempt to collect the debt;
- Violating 15 United States Code section 1692d(6) by falsely disclosing the identity of the debt collector when telephoning Mr. Aguilar;
- Violating 15 United States Code section 1692e by making a false representation of a pending lawsuit in the State of California for the collection of the alleged debt;
- Violating 15 United States Code section 1692e(2)(A) by falsely representing the character, amount, and legal status of the alleged debt;
- Violating 15 United States Code section 1692e(3) by falsely asserting Defendant Debt Collector has power of attorney for Gold's Gym;
- Violating 15 United States Code section 1692e(5) by threatening an unintended action;
- Violating 15 United States Code section 1692e(11) by failing to disclose that the communication is to collect a debt, that the information received will be used for debt collection, and that Defendant Debt Collector was a debt collector;
- Violating 15 United States Code section 1692e(14) by using a name other than the true name of Defendant Debt Collector's business;

-7-

1    • Violating 15 United States Code section 1692f by using unfair and unconscionable
2       methods to attempt to collect the purported debt; and,
3    • Violating 15 United States Code section 1692g by failing to inform Mr. Aguilar of
4       his validation rights either orally in the first communication with Mr. Aguilar or in
5       timely written form thereafter.
6    37.    As a direct and proximate result of the above violations of the FDCPA, Defendant
7  Debt Collector has caused Mr. Aguilar to suffer damages.

8                          **SECOND CAUSE OF ACTION**
9    **Violations of the Rosenthal Fair Debt Collection Practices Act California Civil Code § 1788,**
10                    ***et seq.* Against All Defendants**

11    38.    Mr. Aguilar repeats, re-alleges, and incorporates by reference paragraphs 1
12  through 37 above of the Complaint as if stated fully herein.
13    39.    Defendant Debt Collector violated the California Rosenthal Fair Debt Collection
14  Practices Act. Defendant Debt Collector's violations include, but are not limited to, the
15  following:
16    • Violating California Civil Code section 1788.13(j) by alleging that a legal
17       proceeding has been or will be instituted unless the debt is paid;
18    • Violating California Civil Code section 1788.16 by attempting to collect a
19       consumer debt by communication that simulates legal process or gives the false
20       appearance of being authorized, issued or approved by an attorney; and,
21    • Violating California Civil Code section 1788.17 by violating 15 United States
22       Code sections 1692, *et seq.* as detailed above.
23    40.    Defendant Gold's Gym violated the California Rosenthal Fair Debt Collection
24  Practices Act. Defendant Debt Collector's violations include, but are not limited to, the
25  following: violating California Civil Code section 1788.17 by violating 15 United States Code
26  section 1692e(2)(A) by falsely representing the character, amount, and legal status of the alleged
27  debt.
28  /////

-8-

41.     As a direct and proximate result of the above violations of the Rosenthal Fair Debt Collection Practices Act, Defendants directly and proximately caused Mr. Aguilar to suffer damages.

### THIRD CAUSE OF ACTION:

### Violations of California Consumers Legal Remedies Act, California Civil Code sections 1770, *et seq.* Against All Defendants

42.     Plaintiff repeats, re-alleges, and incorporates the allegations in paragraphs 1 through 41 of the Complaint as if stated fully herein.

43.     California Civil Code section 1770 prohibits unfair and deceptive business practices.

44.     Defendant Gold's Gym has violated the Consumers Legal Remedies act by having engaged and continuing to engage in unfair and deceptive business acts and practices.

45.     Specifically, Defendant Gold's Gym's business practices are unfair because Defendant Gold's Gym misrepresented the parties' respective rights and obligations under the agreement.

46.     Defendant Gold's Gym is engaging, has engaged, and there is a substantial likelihood that Defendant Gold's Gym will continue to engage in these unfair and deceptive practices unless enjoined by this Court.  As such, Defendant Gold's Gym should be enjoined from these unfair business acts.

47.     Plaintiff has suffered damages as a direct and proximate result of Defendant Gold's Gym's actions.

### FOURTH CAUSE OF ACTION

### Violations of California Civil Code sections 1812.80, *et seq.* Against All Defendants

48.     Plaintiff repeats, re-alleges and incorporates the allegations in paragraphs 1 through 47 of the Complaint as if stated fully herein.

49.     California Civil Code sections 1812.80, *et seq*. regulate health studio contracts, which the California legislature has deemed necessary for the public welfare.  This section

/////

-9-

1  safeguards the public from fraud, deceit, and imposition of financial hardship, while at the same

2  time fostering competition and fair dealing.

3       50.    The Membership Agreement at issue is a health studio services contract—for the

4  use of Defendant Gold's Gym's gymnasium facilities.

5       51.    Defendants failed to include the proscribed language regarding the right to cancel

6  in close proximity to the space reserved for the buyer to sign in violation of California Civil Code

7  section 1812.85(b)(1).

8       52.    The Agreement does contain the name and address of the health studio operator to

9  whom the notice of cancellation is to be mailed in violation of California Civil Code section

10  1812.85(b)(1)&(2).

11       53.    Defendants never corrected the items described above that violate provisions of

12  California Civil Code sections 1812.80, *et seq.*

13       54.    Mr. Aguilar has cancelled the Agreement, pursuant to California Civil Code

14  section 1812.85(b)(4).

15       55.    Moreover, the Agreement does not comply with the applicable provisions of

16  California Civil Code, Title 2.5, sections 1812.80, *et seq.*  Therefore, pursuant to California Civil

17  Code section 1812.91, the Agreement is void and unenforceable.

18       56.    Plaintiff has suffered damages as a direct and proximate result of Defendants'

19  actions.

20  **FIFTH CAUSE OF ACTION**

21  **Violations of the California Business and Professions Code §§17200, *et seq.* Against All**

22  **Defendants**

23       57.    Mr. Aguilar repeats and re-alleges and incorporates by reference paragraphs 1

24  through 56 above of the Complaint as if stated fully herein.

25       58.    California Business and Professions Code sections 17200, *et seq.* prohibit unfair,

26  unlawful, and fraudulent business practices.

27       59.    Defendants have engaged in unfair competition as defined by the Business and

28  Professions Code sections 17200, *et seq.*

-10-

60.     Defendants' acts and practices as alleged herein are unfair because the utility of the conduct is outweighed by the gravity of the harm it causes.  Further, Defendants' conduct is unfair because it offends established public policy or is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.  And, as detailed above and below, Defendants' conduct violates consumer laws, specifically the California Consumers Legal Remedies Act, California Civil Code sections 1812.81, *et seq*., the Federal Fair Debt Collection Practices Act, and the Rosenthal Fair Debt Collection Practices Act; violates the spirit of these statutes; and otherwise significantly threatens or harms consumers.  Defendants' conduct has caused substantial injury, which was not reasonably avoidable by Mr. Aguilar, and is not outweighed by countervailing benefits to consumers or to competition.

61.     Defendant Debt Collector's actions constitute unlawful practices because it engaged in the following acts:

(a)     Violating the California Rosenthal Fair Debt Collection Practices Act;

(b)     Violating the federal Fair Debt Collection Practices Act; and

(c)     Violating California Civil Code sections 1812.80, *et seq*.

62.     Defendant Gold's Gym's actions constitute unlawful practices because it engaged in the following acts:

(a)     Violating the California Civil Code sections 1812.80, *et seq*.; and,

(b)     Violating the California Consumer Legal Remedies Act.

63.     Mr. Aguilar suffered injury in fact and monetary damages as a direct and proximate result of Defendants' actions.

64.     Defendants are engaging, have engaged, and there is a substantial likelihood that they will continue to engage in this unlawful and unfair competition unless enjoined by this Court.  As such, pursuant to Business and Professions Code section 17203, Defendants should be enjoined from unlawful and unfair business acts.

**PRAYER FOR RELIEF**

**WHEREFORE,** Mr. Aguilar demands judgment against Debt Collector as follows:

1.     Damages in an amount to be determined at trial;

-11-

COMPLAINT

2.      Pursuant to Business and Professions Code section 17203, that Defendants be permanently enjoined from violating Business and Professions Code sections 17200, *et seq*., in connection with the violations alleged in this Complaint;

3.      Disgorgement under section 17203 of the Business and Professions Code;

4.      Statutory damages in an amount of $1,000.00 for violations of Federal Fair Debt Collections Practices Act in accordance with 15 United States Code § 1692(k);

5.      Statutory damages in an amount of $1,000.00 for violations of Rosenthal Fair Debt Collections Practices Act in accordance with California Civil Code § 1788.30(b);

6.      Triple actual damages pursuant to California Civil Code section 1812.94;

7.      Interest, if applicable;

8.      Punitive damages according to proof at trial;

9.      Costs; and,

10.     Any other and further relief that the court considers proper.

Dated: October 5, 2011

Respectfully submitted,

By  s/Alysson Snow
    ALYSSON SNOW
    DANIEL BENSON
    *Attorneys for Plaintiff*
    Francisco Aguilar
    Email: alyssons@lassd.org
    Email: danielb@lassd.org

-12-

COMPLAINT